IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| MARY RINGOLD,<br><br>    *Plaintiff*,<br><br>v.<br><br>BANK OF AMERICA HOME LOANS, BAC HOME LOANS SERVICING, LP, NATIONWIDE TRUSTEE SERVICES, INC.<br><br>    *Defendants*. | Case No. _____ |

### NOTICE OF REMOVAL

Defendant Bank of America, N.A. ("BANA"), as successor by merger to BAC Home Loans Servicing, LP[1] ("Removing Defendant"), by and through its undersigned attorneys and pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, files this notice of removal ("Notice") from the Chancery Court for the 30th Judicial District, Shelby County, Memphis, Tennessee, to the United States District Court for the Western District of Tennessee, Western Division. Removal is based on federal question jurisdiction because Plaintiff partially bases two of her claims for relief upon Defendant's alleged violation of federal law. In support of this Notice, Defendant states as follows:

**I.   FACTS AND PROCEEDINGS**

1.   On or about October 19, 2011, Plaintiff Mary Ringold ("Plaintiff") filed her Complaint in the Chancery Court of Shelby County, Tennessee. In that Complaint, Plaintiff did

---

[1] Plaintiff names "Bank of America Home Loans" and "BAC Home Loans Servicing, LP" as defendants. BAC Home Loans Servicing, LP occasionally conducted business under the trade name "Bank of America Home Loans." Thus, these two entities are actually just a single entity formerly known as BAC Home Loans Servicing, LP. On July 1, 2011, BAC Home Loans Servicing, LP merged with and into Bank of America, N.A.

not base any of her claims upon federal law and the citizenship of the parties was not completely diverse. Accordingly, no grounds existed for removal to federal court at that time.

2. However, on April 17, 2012, Plaintiff filed her First-Amended Complaint ("FAC") in the Chancery Court of Shelby County, Tennessee. The FAC specifically states that Defendant violated "federal law" by failing to notify Plaintiff of the establishment of an escrow account and failing to deliver an initial escrow statement. (Compl. ¶¶ 33-35, 41, 42, 44). The state court case is styled: *Mary Ringold v. Bank of America Home Loans; BAC Home Loans Servicing, LP; and Nationwide Trustee Services, Inc.*, Case No. CH-11-1708 (the "State Court Action").

3. The FAC is based on alleged events related to a parcel of residential property located at 9245 Acadia Place, Shelby County, Tennessee 38018 (the "Property"). The Complaint alleges causes of action for wrongful foreclosure, breach of contract and violation of the covenant of good faith and fair dealing, inducing a breach of contract, negligent supervision, fraud, setting aside trustee's sale, voiding or cancelling trustee's deed upon sale, voiding or cancelling the assignment of deed of trust, and unjust enrichment against Defendants. *(See generally* Compl.).

## II. THIS NOTICE IS TIMELY FILED

4. Removing Defendant received the FAC on April 17, 2012. Removing Defendant's time to respond to the FAC has not expired. This Notice is, therefore, timely because it is filed "within thirty days of receipt by the defendant…of a copy of the amended pleading…from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3).

**III.   REMOVAL PROCEDURES**

5.   Removal of this case is proper under 28 U.S.C. § 1441(a), which provides in pertinent part that, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

6.   Venue is appropriate in this Court pursuant to 28 U.S.C. § 1441(a).  Defendants seek to remove this case to the United States District Court for the Western District of Tennessee, Western Division.  The Chancery Court of Shelby County, Tennessee, is located within this District and cases arising from Shelby County are properly assigned to this Court.  *See* 28 U.S.C. § 123(c)(2).

7.   In compliance with 28 U.S.C. § 1446(a), a copy of all "process, pleadings, and orders" received by Defendant is attached as **Exhibit A**.

8.   In accordance with 28 U.S.C. § 1446(d), a true and correct copy of this Notice (without exhibits) is being filed concurrently with the Clerk of the Chancery Court of Shelby County, Tennessee, and served upon all parties of record.  A true and correct copy of Defendant's notice to the state court is attached hereto as **Exhibit B**.

9.   Defendant Nationwide Trustee Services, Inc. has not been served with service of process at the time of filing of this Notice of Removal.  Accordingly, its consent is not necessary for removal of this action to this Court.  *Klein v. Manor Healthcare Corp.*, 1994 U.S. App. LEXIS 6086, at *12 n.8 (6th Cir. Mar. 22, 1994) (stating that one exception to the general rule that all defendants must consent to removal is where "the non-joining defendant has not been served with service of process at the time the removal petition is filed.").

## IV. THIS COURT HAS FEDERAL QUESTION JURISDICTION

10. Removal of this case is proper under 28 U.S.C. § 1441(a), which provides, in pertinent part, that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

11. This Court has original jurisdiction pursuant to 28 U.S.C. § 1331 as it is apparent on the face of Plaintiff's FAC that this action arises under and expressly presents a question of federal law. (*See* Compl. ¶¶ 33-35, 41, 42, 44). Specifically, Plaintiff states that Defendant allegedly violated federal law by failing to inform Plaintiff of the creation of an escrow account and failing to send Plaintiff an initial escrow statement. *See id.* Plaintiff pleads that at least two of her claims arise, in part, from these alleged violations of federal law. *See id.* Although Plaintiff never cites a provision of federal law, these allegations appear to be an attempt to base a claim upon an alleged violation of the Real Estate Settlement Procedures Act. *See* 12 U.S.C. §§ 2605(l), 2609(c) (establishing requirements for mortgage servicers attempting to assess charges to a borrower for force-placed insurance and requiring an initial escrow statement be given to the borrower). Accordingly, it is clear that the FAC expressly presents a question of federal law. 28 U.S.C. § 1331.

12. To the extent the Complaint alleges statutory, state common law or other nonfederal claims, this Court has supplemental jurisdiction over any such claims under 28 U.S.C. § 1367 because those claims arise out of the same operative facts as Plaintiff's claims under federal law and "form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a).

13. Because, at the very least, some of Plaintiff's alleged right to relief arises under the laws of the United States, removal of this entire cause of action is appropriate under 28 U.S.C. § 1441(a)-(c).

## V. CONCLUSION

WHEREFORE, Defendant respectfully requests the above-captioned action now pending in the Chancery Court for the 30th Judicial District, Shelby County, Memphis, Tennessee, be removed to the United States District Court for the Western District of Tennessee, Western Division, and that said United States District Court assume jurisdiction of this action and enter such other and further orders as may be necessary to accomplish the requested removal and promote the ends of justice.

This the 2nd day of May, 2012.

Respectfully submitted,

/s/ Paul Allen England
Paul Allen England (BPR No. 26288)
STITES & HARBISON, PLLC
SunTrust Plaza
401 Commerce Street, Suite 800
Nashville, TN 37219
(615) 782-2200 (phone)
(615) 742-0705 (fax)
*paul.england@stites.com*

*Attorneys for Defendant Bank of America, N.A.*

## CERTIFICATE OF SERVICE

       I hereby certify that on May 2, 2012, a copy of the foregoing was filed electronically with the Clerk's office by using the CM/ECF system and served electronically and/or via first-class U.S. mail, postage prepaid, upon all counsel as indicated below. Parties may also access this filing through the Court's ECF system.

*Via U.S. Mail:*
E.A. "Charlie" Nichols
4728 Spottswood Avenue, Ste. 373
Memphis, TN 38117
*Attorney for Plaintiff*

                                                  /s/ Paul Allen England
                                                  Paul Allen England